UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

DARYL LAMONT JOYCE, JR.,

      Petitioner,

v.                                                    Case No.  3:15cv408/MCR/CJK

FLORIDA DEPARTMENT OF
CORRECTIONS SECRETARY,

      Respondent.
_____/

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed under 28 U.S.C. § 2254.  (Doc. 1).  Respondent filed an answer, submitting relevant portions of the state court record.  (Doc. 12).  Petitioner did not reply, although invited to do so. (*See* Doc. 13).  The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). After careful consideration of all issues raised by petitioner, the undersigned concludes that no evidentiary hearing is required for the disposition of this matter. Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts.  The undersigned further concludes that the pleadings and attachments

before the court show that petitioner is not entitled to habeas relief, and that the petition should be denied.

## BACKGROUND AND PROCEDURAL HISTORY

On September 14, 2009, petitioner was charged by information filed in Escambia County Circuit Court Case No. 09-CF-4118, with robbery without a weapon. (Doc. 12, Ex. A, p. 1).[1] Petitioner went to trial and was found guilty as charged. (Ex. A, p. 22 (jury verdict); Ex. B (trial transcript)). Petitioner was adjudicated guilty and sentenced to 10 years in prison followed by 5 years on probation. (Ex. A, pp. 24-38 (sentencing transcript); Ex. A, pp. 43-53 (judgment and sentence)). The Florida First District Court of Appeal (First DCA) affirmed the judgment on August 4, 2011, per curiam and without a written opinion. *Joyce v. State*, 67 So. 3d 204 (Fla. 1st DCA 2011) (Table) (copy at Ex. E).

On June 18, 2012, petitioner filed a *pro se* motion for postconviction relief under Florida Rule of Criminal Procedure 3.850. (Ex. G, pp. 40-60). The state circuit court granted a limited evidentiary hearing (Ex. G, p. 76), and petitioner retained private postconviction counsel. (Ex. H, p. 136 n.1). The evidentiary hearing

---

[1]Citations to exhibits are to those provided at Doc. 12. If a page of an exhibit has more than one page number, the court cites the number appearing at the bottom center of the page.

was held on April 17, 2013.  (Ex. G, pp. 78-126).  After hearing, the circuit court denied relief on all claims.  (Ex. H, pp. 136-217).  The First DCA affirmed, per curiam and without a written opinion.  *Joyce v. State*, 166 So. 3d 771 (Fla. 1st DCA 2015) (Table) (copy at Ex. K).  The mandate issued July 13, 2015.  (Ex. L).

Petitioner filed his federal habeas petition on September 9, 2015.  (Doc. 1, p. 12).  The petition raises three claims of ineffective assistance of trial counsel. Respondent asserts that petitioner is not entitled to relief, because the state court's rejection of his claims was not contrary to or an unreasonable supplication of *Strickland v. Washington*, 466 U.S. 668 (1984), nor was the state court's decision based on an unreasonable determination of the facts in light of the evidence in the state court record.  (Doc. 12, pp. 16-20).

## RELEVANT LEGAL PRINCIPLES

Section 2254 Standard of Review

Federal courts may issue habeas corpus relief for persons in state custody pursuant to 28 U.S.C. § 2254, as amended by the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA).  Pub. L. 104-132, § 104, 110 Stat. 1214, 1218-19. Section 2254(d) provides, in relevant part:

> (d)  An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be

granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d) (2011).

The United States Supreme Court explained the framework for § 2254 review in *Williams v. Taylor*, 529 U.S. 362, 120 S. Ct. 1495, 146 L. Ed. 2d 389 (2000).[2] The appropriate test was described by Justice O'Connor as follows:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

*Id.*, 529 U.S. at 412-13 (O'Connor, J., concurring).

---

[2]Unless otherwise noted, references to *Williams* are to the majority holding, written by Justice Stevens for the Court (joined by Justices O'Connor, Kennedy, Souter, Ginsburg, and Breyer) in parts I, III, and IV of the opinion (529 U.S. at 367-75, 390-99); and Justice O'Connor for the Court (joined by Justices Rehnquist, Kennedy, Thomas, and – except as to the footnote – Scalia) in part II (529 U.S. at 403-13). The opinion of Justice Stevens in Part II was joined by Justices Souter, Ginsburg, and Breyer.

Employing the *Williams* framework, on any issue raised in a federal habeas petition upon which there has been an adjudication on the merits in a state court proceeding, the federal court must first ascertain the "clearly established Federal law," namely, "the governing legal principle or principles set forth by the Supreme Court at the time the state court render[ed] its decision." *Lockyer v. Andrade*, 538 U.S. 63, 71-72, 123 S. Ct. 1166, 155 L. Ed. 2d 144 (2003). The law is "clearly established" only when a Supreme Court holding at the time of the state court decision embodies the legal principle at issue. *Thaler v. Haynes*, 559 U.S. 43, 47, 130 S. Ct. 1171, 175 L. Ed. 2d 1003 (2010); *Woods v. Donald*, — U.S. —, 135 S. Ct. 1372, 1376, 191 L. Ed. 2d 464 (2015) ("We have explained that clearly established Federal law for purposes of § 2254(d)(1) includes only the holdings, as opposed to the dicta, of this Court's decisions." (internal quotation marks and citation omitted)).

After identifying the governing legal principle(s), the federal court determines whether the state court adjudication is contrary to the clearly established Supreme Court case law. The adjudication is not contrary to Supreme Court precedent merely because it fails to cite to that precedent. Rather, the adjudication is "contrary" only if either the reasoning or the result contradicts the relevant Supreme Court cases.

*Early v. Packer*, 537 U.S. 3, 8, 123 S. Ct. 362, 154 L. Ed. 2d 263 (2002) ("Avoiding th[e] pitfalls [of § 2254(d)(1)] does not require citation to our cases – indeed, it does not even require awareness of our cases, so long as neither the reasoning nor the result of the state-court decision contradicts them.").  Where there is no Supreme Court precedent on point, the state court's conclusion cannot be contrary to clearly established federal law.  *See Woods*, 135 S. Ct. at 1377 (holding, as to claim that counsel was *per se* ineffective in being absent from the courtroom for ten minutes during testimony concerning other defendants:  "Because none of our cases confront the specific question presented by this case, the state court's decision could not be contrary to any holding from this Court." (internal quotation marks and citation omitted)).  If the state court decision is contrary to clearly established federal law, the federal habeas court must independently consider the merits of the petitioner's claim.  *See Panetti v. Quarterman*, 551 U.S. 930, 954, 127 S. Ct. 2842, 168 L. Ed. 2d 662 (2007).

If the "contrary to" clause is not satisfied, the federal habeas court next determines whether the state court "unreasonably applied" the governing legal principles set forth in the Supreme Court's cases.  The federal court defers to the state court's reasoning unless the state court's application of the legal principle(s)

was "objectively unreasonable" in light of the record before the state court. *Williams*, 529 U.S. at 409; *see Holland v. Jackson*, 542 U.S. 649, 652, 124 S. Ct. 2736, 159 L. Ed. 2d 683 (2004) (per curiam).  In applying this standard, the Supreme Court has emphasized:

> When reviewing state criminal convictions on collateral review, federal judges are required to afford state courts due respect by overturning their decisions only when there could be no reasonable dispute that they were wrong.  Federal habeas review thus exists as "a guard against extreme malfunctions in the state criminal justice systems, not a substitute for ordinary error correction through appeal."  *Harrington, supra*, at 102-103, 131 S. Ct. 770 (internal quotation marks omitted).

*Woods*, 135 S. Ct. at 1376 (*quoting Harrington v. Richter*, 562 U.S. 86, 131 S. Ct. 770, 178 L. Ed. 2d 624 (2011)).

Section 2254(d) also allows federal habeas relief for a claim adjudicated on the merits in state court where that adjudication "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding."   28 U.S.C. § 2254(d)(2).   The "unreasonable determination of the facts" standard is implicated only to the extent the validity of the state court's ultimate conclusion is premised on unreasonable fact finding.  *See Gill v. Mecusker*, 633 F.3d 1272, 1292 (11th Cir. 2011).  As with the "unreasonable application" clause, the federal court applies an objective test.  *Miller-El v. Cockrell*,

537 U.S. 322, 340, 123 S. Ct. 1029, 154 L. Ed. 2d 931 (2003) (holding that a state court decision based on a factual determination "will not be overturned on factual grounds unless objectively unreasonable in light of the evidence presented in the state court proceeding."). Federal courts "may not characterize . . . state-court factual determinations as unreasonable merely because we would have reached a different conclusion in the first instance." *Brumfield v. Cain*, — U.S. —, 135 S. Ct. 2269, 2277, 192 L. Ed. 2d 356 (2015) (quotation marks omitted).

When performing review under § 2254(d), the federal court presumes that all factual determinations made by the state court are correct. 28 U.S.C. § 2254(e)(1). The petitioner bears "the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.*; *see, e.g., Miller-El*, 537 U.S. at 340 (explaining that a federal court can disagree with a state court's factual finding and, when guided by AEDPA, "conclude the decision was unreasonable or that the factual premise was incorrect by clear and convincing evidence"). Neither the Supreme Court nor the Eleventh Circuit has interpreted how § 2254(d)(2) and § 2254(e)(1) interact in the context of fact-based challenges to state court adjudications. *Cave v. Sec'y for Dep't of Corr.*, 638 F.3d. 739 (11th Cir. 2011). However, the Eleventh Circuit declined to grant habeas relief under § 2254(d)(2) in the context of a state appellate court's

summary affirmance, where it found that the validity of the state court decision was not premised on the trial court's unreasonable fact finding, and that the petitioner failed to demonstrate "by clear and convincing evidence that the record reflect[ed] an insufficient factual basis for affirming the state court's decision." *Gill*, 633 F.3d at 1292.

Only if the federal habeas court finds that the petitioner satisfied AEDPA and § 2254(d), does the court take the final step of conducting an independent review of the merits of the petitioner's claims. *See Panetti*, 551 U.S. at 954. Even then, the writ will not issue unless the petitioner shows that he is in custody "in violation of the Constitution or laws and treaties of the United States." 28 U.S.C. § 2254(a). "If this standard is difficult to meet, that is because it was meant to be." *Richter*, 562 U.S. at 102.

## Clearly Established Federal Law Governing Claims of Ineffective Assistance of Counsel

In *Strickland v. Washington*, 466 U.S. 668, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984), the Supreme Court set out a two-part inquiry for ineffective assistance of counsel claims. The petitioner must show that (1) his counsel's performance was constitutionally deficient, and (2) the deficient performance prejudiced him. 466 U.S. at 687. "First, petitioner must show that 'counsel's representation fell below

an objective standard of reasonableness.  Second, petitioner must show that 'there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'"  *Darden v. Wainwright*, 477 U.S. 168, 184, 106 S. Ct. 2464, 91 L. Ed. 2d 144 (1986) (*quoting Strickland*, 466 U.S. at 694).

Trial counsel is "strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U.S. at 690.  "Judicial scrutiny of counsel's performance must be highly deferential," and courts should make every effort to "eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Strickland*, 466 U.S. at 689.  The burden to overcome that presumption and to show that counsel's performance was deficient "rests squarely on the defendant." *Burt v. Titlow*, 571 U.S. —, 134 S. Ct. 10, 17, 187 L. Ed. 2d 348 (2013); *Cullen v. Pinholster*, 563 U.S. 170, 189, 131 S. Ct. 1388, 179 L. Ed. 2d 557 (2011) ("To overcome that presumption, a defendant must show that counsel failed to act reasonably considering all the circumstances." (quotation marks and alterations omitted)).  "[T]he absence of evidence cannot overcome the strong presumption that

counsel's conduct fell within the wide range of reasonable professional assistance." *Titlow*, 134 S. Ct. at 17 (quotation marks and alterations omitted).

With regard to prejudice, the *Strickland* court emphasized that a defendant must show a "reasonable probability" of a different result. A reasonable probability is one that sufficiently undermines confidence in the outcome. *Strickland*, 466 U.S. at 694. "The likelihood of a different result must be substantial, not just conceivable." *Richter*, 562 U.S. at 112

When a district court considers a habeas petition, the state court's findings of historical facts in the course of evaluating an ineffectiveness claim are subject to the presumption of correctness, while the performance and prejudice components are mixed questions of law and fact. *Strickland*, 466 U.S. at 698; *Collier v. Turpin*, 177 F.3d 1184, 1197 (11th Cir. 1999). "Surmounting *Strickland*'s high bar is never an easy task." *Padilla v. Kentucky*, 559 U.S. 356, 371, 130 S. Ct. 1473, 176 L. Ed. 2d 284 (2010). "Establishing that a state court's application of *Strickland* was unreasonable under § 2254(d) is all the more difficult." *Richter*, 562 U.S. at 105. As the Court in *Richter* explained:

> The standards created by *Strickland* and § 2254(d) are both "highly deferential," and when the two apply in tandem, review is "doubly" so. The *Strickland* standard is a general one, so the range of reasonable applications is substantial. Federal habeas courts must

guard against the danger of equating unreasonableness under *Strickland* with unreasonableness under § 2254(d).  When § 2254(d) applies, the question is not whether counsel's actions were reasonable.  The question is whether there is any reasonable argument that counsel satisfied *Strickland's* deferential standard.

*Id.* (citations omitted).

## DISCUSSION

All of petitioner's claims are related, so the court addresses them together.

Ground One        "Trial counsel was ineffective for failing to argue and preserve an adequate motion for judgment of acquittal where the State's circumstantial evidence that the petitioner was a principal to the charged offense of robbery did not refute the petitioner's hypothesis that he did not know the robbery was going to occur." (Doc. 1, p. 4).

Ground Two        "Trial counsel was ineffective for failing to raise and argue an adequate motion for judgment of acquittal where a proper motion would have prevailed."  (Doc. 1, p. 6).

Ground Three        "Trial counsel was ineffective for failing to request special jury instruction where standard instruction was not sufficient and for failing to argue to the jury that the victim's fear was unreasonable."  (Doc. 1, p. 8).

Petitioner faults trial counsel for failing to argue in her motion for judgment of acquittal that the State failed to present a prima facie case for principal liability and failed to present sufficient evidence of reasonable fear on the part of the victim. Petitioner also faults counsel for failing to request a special jury instruction on the

element of "putting in fear", and for failing to argue to the jury that the victim's fear was unreasonable. (Doc. 1, pp. 4-8). Respondent asserts that petitioner presented these claims to the state court in his Rule 3.850 proceeding. (Doc. 12, p. 12). Respondent argues that petitioner is not entitled to relief because the state court's decision was consistent with *Strickland* and was based on a reasonable determination of the facts. (Doc. 12, pp. 16-20).

Petitioner presented all three of his claims in his Rule 3.850 motion. The state circuit court identified *Strickland* as the controlling legal standard (Ex. H, p. 137), and denied relief, in relevant part, as follows:

> Defendant's claims are all related and can be initially addressed together. In "Claim One," Defendant alleges that trial counsel was ineffective for failing to make a motion for judgment of acquittal on the basis of the state's failure to prove the requisite element of the victim's fear, under the objective "reasonable person" standard. In "Claim Two," Defendant again claims that counsel was deficient for failing to make a sufficient motion for judgment of acquittal, specifically, on the basis that the State had failed to prove Defendant's guilt as a principal. "Claim Three" also alleges that counsel's motion for judgment of acquittal was deficient for failing to argue that the State had not proven venue. Finally, in "Claim Four," Defendant claims that counsel should have requested a special jury instruction and argued to the jury that the "reasonable person" standard of fear required for a robbery conviction had not been satisfied.

> To present a facially sufficient postconviction claim that counsel was ineffective for failing to raise an issue by motion for judgment of acquittal, "a movant should state sufficient facts to show that '[he] may

very well have prevailed on a more artfully presented motion for acquittal based upon the evidence he alleges was presented against him at trial.'" White v. State, 977 So. 2d 680, 681-682 (Fla. 1st DCA 2008) (quoting Boykin v. State, 725 So. 2d 1203 (Fla. 2d DCA 1999)). Robbery is defined in section 812.13(1), Florida Statutes, as "the taking of money or other property . . . from the person or custody of another . . . when in the course of the taking there is the use of force, violence, assault, or putting in fear."

> The fear contemplated by the statute is the fear of death or great bodily harm. To sustain a conviction for robbery, it is not necessary to show that actual violence was used, nor is it required that the victim be placed in actual fear. If the circumstances attendant to the robbery were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to be in fear for the purpose of the robbery statute, and actual fear need not be strictly and precisely shown.

Cliett v. State, 951 So. 2d 3, 6-7 (Fla. 1st DCA 2007) (citations omitted). "The question is not whether the victim here actually feared appellant, but whether a jury could conclude that a reasonable person under like circumstances would be sufficiently threatened to accede to the robber's demands." Brown v. State, 397 So. 2d 1153, 1155 (Fla. 5th DCA 1981). In Schram v. State, 614 So. 2d 646, 646 (Fla. 2d DCA 1993), the Court reversed a robbery conviction on the basis of the victim's ill founded and idiosyncratic misperception.

The Court convened an evidentiary hearing in this matter, at which defendant's trial counsel, Kelly Richards, testified that she had been practicing law, specifically indigent criminal defense, for nearly 30 years. She further testified that Defendant had told her that he was not involved in the robbery of the pizza at all. Accordingly, counsel's strategy at trial was to demonstrate that Defendant "didn't know it was going to happen, didn't take any active part in it and shouldn't have been convicted under the principal theory." Ms. Richards also testified

that based on her analysis, she believed that a robbery had actually occurred.  She testified, "I didn't think that there was any question about him being afraid or whether or not a reasonable person in that same situation would be afraid."  She also testified that the victim "felt like he was being surrounded."

The trial transcript reflects that Ms. Richards explained in her opening statement that Defendant did not know a robbery was going to happen and that he did not help commit the robbery in any way.  The victim testified that when he had arrived at the house to deliver some pizzas, he knew that the house had been vacant.  He then had become suspicious when the first two individuals, who met him on the front step, were checking through their pockets but did not seem to have any money.  Then, the victim described that two other men, including the Defendant, appeared from the bushes and began "walking in a circumventing manner like they were trying to flank me, get behind me."  Next, the victim testified that one of the initial two men, who had been searching their pockets, either "lunged at me or lunged at the pizzas," so the victim shoved the pizzas at him.  At that time, the victim ran back to this vehicle and the men began to run away with the pizzas.  The victim saw one of the men (not Defendant) make "a symbol with his index finger and his thumb," and say, "I shoot you man."  The victim drove away while calling law enforcement.   When questioned specifically at trial about what put him in fear, the victim testified:

> Well, namely, that it was a vacant house.  Secondly, that there were four of them.  Thirdly, I was threatened to be shot or murdered, you know.  And the fact that the other two individuals came out of the bushes sealed the deal for me.  I knew they were up to no good.

However, on cross-examination defense counsel highlighted the fact that Defendant had never come close enough [to] the victim to do any harm, and the victim confirmed that Defendant was "about 15 yards, probably" away from him.  At the conclusion of the State's case, Ms. Richards made a motion for judgment of acquittal alleging that "the

State has failed to prove that [Defendant] had any active involvement in this case." The motion was denied. Subsequently, two of the co-defendants and also Defendant himself testified that Defendant had no part in the planning or execution of the robbery. In closing, Ms. Richards argued that the State failed to prove that Defendant had aided or assisted with the robbery in any way.

The Court finds that a differently-worded motion for judgment of acquittal would not have been successful. The State presented a prima facie case of robbery including the element of fear. Moreover, it is possible that when one of the men lunged at the victim, the requisite "force," rather than "by putting in fear," was established. See Bates v. State, 465 So. 2d 490 (Fla. 1985) (The degree of force used in a robbery is immaterial so long as it is sufficient to compel the victim to part with his or her property). Additionally, contrary to defendant's allegations, the State presented evidence that the offense occurred in Escambia County. Counsel was not deficient for failing to argue anything further in her motion for judgment of acquittal because such argument would not have been meritorious. Therefore, Defendant's "Claim One," "Claim Two," and "Claim Three" are denied.

Furthermore, the Court finds Ms. Richards to be credible. See Booker v. State, 969 So. 2d 186, 194 (Fla. 2007). Her strategy to focus on the lack of Defendant's participation in the offense, rather than argue that no offense had occurred, was a reasonable tactical decision. Therefore, she was not deficient for failing to argue to the jury that the victim's fear was unreasonable or to request a special jury instruction on the objective nature of the requisite fear. It is well-settled that the standard instruction on robbery, which was read to the jury in the instant case, fairly presents the law and does not mislead the jury, even without specifying that the fear should be an objectively reasonable standard. See Cliett v. State, 951 So. 2d 3, 4 (Fla. 1st DCA 2007) (citing Waters v. State, 298 So. 2d 208 (Fla. 2d DCA 1974)). Finally, the jury also heard evidence that Defendant made a statement to the police after he was arrested to the effect of, "we shouldn't have done it." Consequently, the Court does not find that Defendant was prejudiced

by any inaction by counsel and "Claim Four" is also denied. "The likelihood of a different result must be substantial, not just conceivable." Harrington v. Richter, 131 S. Ct. 770, 791-792 (2011) (citations omitted). Defendant is not entitled to relief.

(Ex. H, pp. 137-42) (footnotes citing to state court record omitted). The First DCA summarily affirmed. (Ex. K).

The relevant decision for purposes of 28 U.S.C. § 2254 is the First DCA's summary affirmance, which is the final state court adjudication on the merits of petitioner's claim. *Richter*, 562 U.S. at 99 ("When a federal claim has been presented to a state court and the state court has denied relief, it may be presumed that the state court adjudicated the claim on the merits in the absence of any indication or state-law procedural principles to the contrary."); *Wilson v. Warden, Ga. Diagnostic Prison*, 834 F.3d 1227, 1235 (11th Cir. 2016) (defining the relevant decision for purposes of § 2254 review as the state appellate court's summary affirmance of the lower tribunal's decision), *cert. granted*, No. 16-6855, 2017 WL 737820 (U.S. Feb. 27, 2017). Where, as here, "the last adjudication on the merits provides no reasoned opinion, federal courts review that decision using the test announced in *Richter*." *Wilson*, 834 F.3d at 1235. The *Richter* test provides that "[w]here a state court's decision is unaccompanied by an explanation," a petitioner's burden under section 2254(d) is to "show[ ] there was no reasonable basis for the

state court to deny relief." *Richter,* 562 U.S. at 98. "[A] habeas court must determine what arguments or theories supported or, as here, could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the] Court." *Id.* at 102.

Under the *Richter* test, petitioner must establish there was no reasonable basis for the First DCA to affirm the denial of his ineffective assistance claims. In reviewing the reasonableness of the First DCA's decision, this court may, but is not required to, look to the reasoning of the state court below (the state circuit court). The Eleventh Circuit explained in *Wilson*:

> When the reasoning of the state trial court was reasonable, there is necessarily at least one reasonable basis on which the state [appellate] court could have denied relief and our inquiry ends. In this way, federal courts can use previous opinions as evidence that the relevant state court decision under review is reasonable. But the relevant state court decision for federal habeas review remains the last adjudication on the merits, and federal courts are not limited to assessing the reasoning of the lower court.

834 F.3d at 1239.

The First DCA reasonably could have adopted the state circuit court's factual findings, including its credibility determination, because the record amply supports them. 28 U.S.C. § 2254(e); *Consalvo v. Sec'y for Dep't of Corr*., 664 F.3d 842, 845

(11th Cir. 2011) ("Determining the credibility of witnesses is the province and function of the state courts, not a federal court engaging in habeas review."). In light of these facts, the First DCA reasonably could have concluded that petitioner failed to establish deficient performance and prejudice under *Strickland*.

The trial transcript confirms that Attorney Richards' motion for JOA argued that the State failed to present sufficient evidence to prove petitioner's guilt as a principal:

> MS. RICHARDS: Your Honor, I would move for a judgment of acquittal, that the State has failed to prove that Mr. Joyce had any active involvement in this case.
>
> THE COURT: Okay. Any argument other than they failed to prove a prima facie case?
>
> MS. RICHARDS: No, sir.
>
> THE COURT: No? We'll take and deny that motion.

(Ex. B, p. 42). Counsel's motion encompassed petitioner's proposed argument. Moreover, the victim's testimony provided direct evidence of petitioner's involvement. The First DCA reasonably could have concluded that petitioner failed to establish counsel was ineffective with regard to moving for acquittal as a principal.

The First DCA also reasonably could have concluded that petitioner failed to establish deficient performance and prejudice with regard to Richards' motion for JOA as it concerned the element of fear/force.  The trial judge construed Richards' motion for JOA as challenging the State's evidence on each element, i.e., the State's "fail[ure] to prove a prima facie case".  (Ex. B, p. 42).  Even if Richards' motion for JOA were insufficient to invoke review of the State's evidence on the fear/force element, petitioner still cannot prevail.  The First DCA reasonably could have concluded that the victim's testimony provided sufficient evidence on the element of fear/force to withstand a motion for JOA and, consequently, that petitioner could not establish deficient performance and prejudice for counsel's failure to argue the issue.  *Freeman v. Attorney Gen., Fla.*, 536 F.3d 1225, 1233 (11th Cir. 2008) ("A lawyer cannot be deficient for failing to raise a meritless claim. . . ."); *see also Brownlee v. Haley*, 306 F.3d 1043, 1066 (11th Cir. 2002) (concluding that counsel was not ineffective for failing to raise issues clearly lacking in merit); *Bolender v. Singletary*, 16 F.3d 1547, 1473 (11th Cir. 1994) ("[I]t is axiomatic that the failure to raise nonmeritorious issues does not constitute ineffective assistance.").

Petitioner's final claim is that counsel was ineffective for failing to request a special jury instruction on reasonable fear and for failing to argue to the jury that the

victim's fear was unreasonable. Petitioner asserts that counsel should have requested the special instruction given in *Smithson v. State*, 689 So. 2d 1226 (Fla. 5th DCA 1997), which provided: "If the circumstances were such as to ordinarily induce fear in the mind of a reasonable person, then the victim may be found to have been in fear, and actual fear need not be precisely shown." *Id*. at 1228. The special instruction was given in the *Smithson* case at the State's request, after the victim testified that he never really felt threatened by Smithson during the incident, nor did he feel Smithson was going to hurt him. *Id*. at 1227.

The state circuit court determined, as a matter of state law, that the standard jury instruction given in petitioner's case properly required the jury to apply an objective analysis; that the instruction fairly presented the law; and that the instruction did not mislead the jury. (Ex. H, p. 142 (*citing Cliett v. State*, 951 So. 2d 3 (Fla. 1st DCA 2007)). The First DCA reasonably could have agreed with these state-law determinations. The court in *Cliett* concluded that Florida's pattern robbery instruction "simply asks whether, from a jury's external viewpoint, the victim was put in fear – an objective analysis". *Id*. at 4. The court held that the standard instruction does not mislead the jury or impermissibly focus on the victim's subjective fear. *Cliett* at 4. Addressing the *Smithson* instruction in particular (the

instruction at issue here), the *Cliett* court explained that the special instruction "simply clarified the standard instruction and did not substantively alter it." *Id*. at 4. This court will not second-guess a state court's interpretation of Florida law. *Herring v. Sec'y, Dep't of Corr.*, 397 F.3d 1338, 1354-55 (11th Cir. 2005) ("It is a 'fundamental principle that state courts are the final arbiters of state law, and federal habeas courts should not second-guess them on such matters.'") (*quoting Agan v. Vaughn*, 119 F.3d 1538, 1549 (11th Cir. 1997)). Given that the special instruction petitioner proposes was substantively the same as the one given, and that the instruction given accurately stated the law, petitioner cannot show deficient performance and prejudice arising from counsel's failure to request the instruction.

As to counsel's argument to the jury, Richards' postconviction evidentiary hearing testimony and the trial transcript show that Richards made a strategic decision – after investigating and considering all the evidence – to focus the defense not on whether a robbery occurred, but on whether the State sufficiently proved petitioner's involvement in it. (Ex. B; Ex. G, pp. 78-126). At petitioner's trial, Richards presented the testimony of petitioner and a co-defendant who testified that petitioner had no involvement in the robbery or knowledge that it was going to occur. (Ex. B, pp. 47-74). Petitioner has not attacked counsel's defense strategy and, even

if he did, a ready argument would support a conclusion that counsel's strategy was objectively reasonable. *Ward v. Hall*, 592 F.3d 1144, 1164 (11th Cir. 2010) ("We have long held that the fact that a particular defense was unsuccessful does not prove ineffective assistance of counsel." (*citing Chandler v. United States*, 218 F.3d 1305, 1314 (11th Cir. 2000)); *Felker v. Thomas*, 52 F.3d 907, 912 (11th Cir. 1995) (whether to pursue residual doubt or another defense is a strategy left to counsel, which the federal habeas court must not second-guess); *Stanley v. Zant*, 697 F.2d 955, 964 (11th Cir. 1983) (stating that reliance on a line of defense to the exclusion of others is a matter of strategy). Counsel's trial strategy and corresponding jury argument was not deficient.

Given that the standard jury instruction on the element of fear already called for an objective analysis, and given the reasonableness of defense counsel's tactical decision to focus the jury on doubting petitioner's involvement instead of doubting the reasonableness of the victim's fear, the First DCA reasonably could have concluded that petitioner failed to establish deficient performance and prejudice under *Strickland*. Petitioner's Ground Three provides no basis for habeas relief.

The state court's rejection of petitioner's claims was not contrary to, and did not involve an unreasonable application of, the *Strickland* standard. Nor was the

decision based on an unreasonable determination of the facts.  Petitioner is not entitled to federal habeas relief on any of his claims.

CERTIFICATE OF APPEALABILITY

Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides: "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."  If a certificate is issued, "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  28 U.S.C. § 2254 Rule 11(a).  A timely notice of appeal must still be filed, even if the court issues a certificate of appealability.  28 U.S.C. § 2254 Rule 11(b).

"[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El*, 537 U.S. at 336 (*quoting* 28 U.S.C. § 2253(c)).  "At the COA stage, the only question is whether the applicant has shown that 'jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further.'" *Buck v. Davis*, 580 U.S. —, 137 S. Ct. 759, 774, 197 L. Ed. 2d 1 (2017) (*quoting*

*Miller-El*, 537 U.S. at 327).   The petitioner here cannot make that showing. Accordingly, the court should deny a certificate of appealability in its final order.

The second sentence of Rule 11(a) provides:  "Before entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue."  Rule 11(a), Rules Governing Section 2254 Cases.  If there is an objection to this recommendation by either party, that party may bring such argument to the attention of the district judge in the objections permitted to this report and recommendation.

Accordingly, it is respectfully RECOMMENDED:

1.   That the petition for writ of habeas corpus (doc. 1), challenging the judgment of conviction and sentence in *State of Florida v. Daryl Lamont Joyce, Jr.*, Escambia County Circuit Court Case No. 09-CF-4118, be DENIED.

2.  That the clerk be directed to close the file.

3.  That a certificate of appealability be DENIED.

At Pensacola, Florida this 25th day of May, 2017.


/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within 14 days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th Cir. R. 3-1; 28 U.S.C. § 636.